ANDREA PADILLA DÍAZ, Plaintiff and Appellee-Appellant, *v.* CARLOS GARCÍA DE QUEVEDO, Defendant and Appellant-Appellee.

No. 8679.   Argued March 29, 1943.—Decided April 5, 1943.

*E. Martínez Rivera* for defendant and appellant-appellee.   *Víctor M. Marchand* for plaintiff and appellee-appellant.

MR. JUSTICE SNYDER delivered the opinion of the court.

Plaintiff sued for damages in the amount of $3,800. She obtained judgment for $600. The defendant appealed from this judgment, and has filed the necessary record on appeal, including the transcript of evidence. The plaintiff has also appealed. The defendant asks us in the motion before us to dismiss the plaintiff's appeal on the ground that the latter has failed to file a transcript of the record in support of her appeal.

The plaintiff asserts she was under the impression she would be allowed to prosecute her appeal by reference to the record, including the transcript of evidence, filed by the defendant. Her argument is that, although we have held that a party filing a cross appeal cannot use the record on appeal filed by the opposing party without the latter's consent (*Reyes* v. *Aponte*, 60 P.R.R. 360; *Forés* v. *Balzac*, 28 P.R.R. 3), that rule should not be applied in this case as the reason therefor—the use of one record by both parties in the event of cross appeals ordinarily requires sharing the cost thereof—does not obtain in this case as the plaintiff is suing *in forma pauperis*. She takes the position that for her to have obtained another copy of the transcript free of charge from the court reporter for purposes of her appeal would have been a useless formality involving unnecessary delay and expenditure of energy.

■■ There is no right to prosecute an appeal *in forma pauperis* except as expressly authorized by statute. Such a statutory provision is found in an act approved March 10, 1904, Laws of Puerto Rico (Rev. Stat. 1911, §1281), as amended by Act No. 17, Laws of Puerto Rico, 1915. Section 5 of the Act approved March 10, 1904, after providing for the rate which the stenographer may charge for transcripts, reads as follows:

". . . *Provided,* When such copy is requested on behalf of The People of Porto Rico or by a defendant in a criminal case or his attorney, and where after conviction the defendant in a criminal case shall satisfy the court by affidavit or otherwise that he is unable, by reason of his poverty to pay for such copy so requested by him or his attorney, the stenographer shall issue such copy free of charge. And in all civil cases in which a party to an action shall file the required affidavit, showing his inability to pay the cost required by law, such person shall be entitled to the gratuitous services of the court stenographer on the same terms as the same are given to indigent persons in criminal cases, and the fees of the stenographer

shall be included in the costs when the latter are imposed upon the party able to pay same. Such copy of the record shall constitute prima facie the minutes of the court and may be used on all motions for new trials, review, or appeal, when minutes of the court may be used.''.

This Section clearly requires an application to the lower court for an order requiring the stenographer to provide an indigent appellant with a copy of the transcript free of charge. Such an application has been invariably made in other cases considered by this court. *Berríos* v. *Garáu,* 44 P.R.R. 753; *Aybar* v. *District Court,* 48 P.R.R. 173.

We recognize the force of the plaintiff-appellant's argument that the issuance of another copy of the same transcript would represent needless effort on the part of the stenographer. But that difficulty could easily have been remedied by an order of the lower court that the transcript already filed by the defendant-appellant would also be considered as that of the plaintiff, provided the latter had made a satisfactory showing that she is unable to pay the cost required by law for the transcript. The plaintiff herein failed to move for a transcript and failed to allege and to prove that *at the time she was seeking the transcript,* she was indigent and could not pay the stenographer's fees. In the absence of a finding by the lower court of such insolvency at that time and in the absence of an order of the lower court providing either (*a*) that the stenographer furnish the plaintiff with a free copy of the transcript or (*b*) that the plaintiff was entitled to use the transcript filed by the defendant for her appeal, the appeal of the plaintiff must be dismissed because she has failed to perfect it.

The motion of the defendant to dismiss the appeal of the plaintiff will be granted.